**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RENDON AND VALENTINA RENDON,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF INDIO, ALEX M. FRANCO,<br><br>        Defendants. | Case No. EDCV 13-00667 VAP(OPx)<br><br>**FINAL JUDGMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    This action came on regularly for trial on June 17, 2014, in Courtroom 2 of the above entitled Court, the Honorable Virginia A. Phillips, United States District Judge presiding.  Plaintiffs Antonio Rendon and Valentina Rendon appeared by their attorneys David E. Kenner and Brett A. Greenfield of Kenner & Greenfield, and Donald G. Norris of Norris & Galanter LLP, and Defendants City of Indio and Alex M. Franco appeared by their attorneys, John P. McCormick and Nicole Barvie of McCormick & Mitchell.

A jury of eight persons was regularly impaneled and sworn to try the action. Witnesses were sworn and testified.

On June 24, 2014, after hearing the evidence, the arguments of counsel and the instructions given to the jury on Phase I (liability), the jury retired to consider its verdict, and on June 25, 2014, returned its special verdict on Phase I by way of answers to the questions propounded to it, as follows:

**Question No. 1**: Did defendant Alex Franco use excessive force against decedent Alejandro Rendon?

**Answer**: YES

**Question No. 2:** Did defendant City of Indio ratify the use of excessive force by defendant Alex Franco?

**Answer**: YES

**Question No. 3:** Did defendant Alex Franco interfere with plaintiffs' right to familial relationship with their son, Alejandro Rendon?

**Answer:** YES

**Question No. 4**: Did defendant Alex Franco commit a battery against Alejandro Rendon?

**Answer**: YES

**Question No. 5:** Did defendant Alex Franco act with malice, oppression or reckless disregard of decedent's rights?

**Answer**: NO

1  The second phase commenced on June 25, 2014. On the
2 same day, after hearing the evidence, the arguments of
3 counsel and the instructions given to the jury on Phase
4 II (damages), the jury retired to consider its verdict,
5 and returned its special verdict by way of answers to the
6 question propounded to it, as follows:

7  **Question No. 1**: What damages, if any, did the
8 plaintiffs, Antonio Rendon and Valentina Rendon, and the
9 decedent, Alejandro Rendon, suffer as a result of the
10 actions of defendants City of Indio and Alex Franco?

| | | |
|---|---|---|
| Antonio Rendon | $ | 175,000 |
| Valentina Rendon | $ | 750,000 |
| Alejandro Rendon | | $1,000,000 |

15  By reason of the verdict described above, **IT IS**
16 **ADJUDGED, ORDERED AND DECREED THAT:**
17  Plaintiffs Antonio Rendon and Valentina Rendon shall
18 have judgment against defendants City of Indio and Alex
19 M. Franco, and each of them, in the sum of $1,925,000,
20 with interest thereon at the legal rate per annum, plus
21 attorneys' fees and costs as prevailing parties under
22 their claims brought pursuant to 42 U.S.C. § 1983.

23  The Court orders that such judgment be entered.

26 Dated: July 3, 2014         _/s/ Virginia A. Phillips_
                               VIRGINIA A. PHILLIPS
27                             United States District Judge